Middaugh v Olean Gen. Hosp. (2025 NY Slip Op 01486)

Middaugh v Olean Gen. Hosp.

2025 NY Slip Op 01486

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., SMITH, GREENWOOD, DELCONTE, AND HANNAH, JJ.

132 CA 23-01924

[*1]MARK D. MIDDAUGH, PLAINTIFF-RESPONDENT,
v
OLEAN GENERAL HOSPITAL, ET AL., DEFENDANTS, AND VINOD GARG, M.D., DEFENDANT-APPELLANT. 

RICOTTA MATTREY CALLOCCHIA MARKEL & CASSERT, BUFFALO (KATHERINE V. MARKEL OF COUNSEL), FOR DEFENDANT-APPELLANT.
BLACK, LYLE & HABBERFIELD, LLP, OLEAN (KEVIN M. HABBERFIELD OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Cattaraugus County (Terrence M. Parker, A.J.), entered November 3, 2023. The order denied the motion of defendant Vinod Garg, M.D., for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained as a result of, inter alia, the failure of defendant Vinod Garg, M.D. to determine that plaintiff was a candidate for tissue plasminogen activator (tPA), a medicine that can be given to treat strokes if administered within a certain period of time after the patient's last known well time. He alleges that, at the time he presented to defendant Olean General Hospital's emergency department with symptoms of a stroke, Garg failed to administer tPA because he negligently determined that plaintiff's last known well time could not be confidently or reliably established. Garg appeals from an order that denied his motion for summary judgment dismissing the amended complaint against him. We affirm.
Even assuming, arguendo, that Garg met his initial burden on the motion with respect to both the alleged deviation from the accepted standard of medical care and proximate causation through the submission of Garg's deposition testimony and the affirmation and affidavit, respectively, of two expert physicians (see generally Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]), we conclude that plaintiff raised triable issues of fact with respect to both elements sufficient to defeat the motion by submitting, inter alia, the affidavit of his medical expert, which "squarely oppose[d]" the affirmation and affidavit of Garg's experts, and resulted in "a classic battle of the experts that [was] properly left to a jury for resolution" (Nowelle B. v Hamilton Med., Inc., 177 AD3d 1256, 1258 [4th Dept 2019] [internal quotation marks omitted]; see Cully v Ricottone, 228 AD3d 1240, 1240-1241 [4th Dept 2024]; Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court